



# MEMORANDUM OPINION

Nos. 04-09-00820-CR & 04-09-00821-CR

Anthony Ray **MARI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2008-CR-4557W & 2007-CR-8617
Honorable Mary D. Román, Judge Presiding

Opinion by:  Phylis J. Speedlin, Justice

Sitting:  Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  September 1, 2010

AFFIRMED

Anthony Ray Mari appeals the trial court's orders revoking his community supervision, arguing he received ineffective assistance of counsel.  We disagree, and affirm the judgments of the trial court.

In two separate cases, Mari pled no contest to assault charges involving family members.[1] The trial court suspended his concurrent six-year sentences and placed him on community supervision for a period of six years. The State later moved to revoke Mari's community supervision and adjudicate his guilt, alleging that he violated Condition No. 1 of his community supervision by committing the offense of unlawful restraint. At the revocation hearing, Mari pled "true" to the allegation, admitting that he "did tie the girl up" but then explained that he tied up the complaining witness as "an S & M thing. It was a sexual thing." Based on Mari's plea of true, the trial court revoked his community supervision and imposed the original concurrent sentence of six years' confinement in each case. Mari now complains he was denied effective assistance of counsel when trial counsel allowed him to plead true because the restraint was consented to as part of a sexual act, and thus there was no violation of the conditions of his community supervision.

We review a claim of ineffective assistance of counsel according to the two-step analysis articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). An appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* at 688-89; *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). In order to determine whether counsel acted reasonably, we must look at the totality of the representation. *Strickland*, 466 U.S. at 690; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The appellant must rebut the presumption that counsel's decisions at trial were

---

[1] In cause number 2008-CR-4557W, Mari pled no contest to the charge of assault-bodily injury/family and punishment was assessed at confinement for a period of six years, probated for six years. In cause number 2007-CR-8617, Mari pled no contest to the offense of aggravated assault with a deadly weapon/family/second and punishment was assessed at confinement for a period of six years, probated for six years, to run concurrent with cause number 2008-CR-4557W.

based on sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813. We may not second-guess trial counsel's strategy, *Strickland*, 466 U.S. at 689, and therefore the appellate record must affirmatively demonstrate counsel's ineffectiveness. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813.

Mari contends his trial counsel was ineffective because he allowed Mari to plead true to the allegation of unlawful restraint despite Mari's defense that the restraint was consensual. However, the record here is silent as to counsel's strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005) (record on appeal is usually insufficient to determine if counsel's performance was deficient). The record contains no evidence of whether or when Mari met with his attorney, what his attorney told him about the revocation hearing or the pleas he could enter, or of Mari's decision to plead true. Thus, Mari has failed to overcome the presumption that counsel employed sound trial strategy, and cannot show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688-89. We overrule Mari's sole issue on appeal and affirm the judgments of the trial court.

Phylis J. Speedlin, Justice

DO NOT PUBLISH